CLAY, Circuit Judge,
concurring.
I concur in the majority opinion’s conclusion that we should affirm Maxwell’s sentence. I agree with my colleagues that any sentencing error committed by the district court was harmless. However, I write to provide comments on the subject of sentencing judges rendering “alternative sentences” and their practice of making “alternative findings.”
In this case, the district court accounted for the possibility that both its legal conclusions—that Maxwell was not a career offender and that Amendment 782 should not be applied—were incorrect, and decided that a sentence of 360 months was appropriate. The majority finds no fault in this practice; and indeed, our precedents seem to support this outcome. Nonetheless, not all “alternative” sentencing practices amount to harmless error. Under some circumstances, this Court cannot be certain that the legal error committed by the district court in passing sentence was harmless—despite the sentencing court resorting to the expedient of justifying the sentence by making alternative findings. See United States v. Jeross, 521 F.3d 562, 569 (6th Cir. 2008) (noting that an error is harmless only if this Court is certain that it had no effect on the sentence imposed) (emphasis added).[1]
For the most part, I believe that such “alternative” sentencing practices should be discouraged. Alternative sentences permit district court judges to avoid responsibility for their sentencing decisions and to make it more difficult for the appeals court to review the true bases for the district court’s sentencing decisions. We should guard against the potential abuse inherent in such sentencing practices which sometimes permit the sentencing judge to impose a sentence when the sentencing judge is unsure whether the sentence is legally sustainable; in such cases, the alternative sentence may be little more than a “cover my flank” tactic. It behooves the court of appeals to be vigilant and concerned about any sentencing practice which could inadvertently encourage sentencing judges to avoid the difficult task of rendering sentences that are clear, well thought-out, and legally sustainable.

. In the instant case, I concur because this Court has previously concluded that an error is unlikely to be harmful where the alternative sentence was within the Guidelines range. See United States v. Steel, 609 Fed.Appx. 851, 855 (6th Cir. 2015). During its sentencing, the district court noted that even if its conclusions regarding the enhancements were erroneous, Maxwell’s sentence of 360 months would still fall in the middle of his nonbinding Guidelines range.